**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD LEONCINI, | Civil Action No. 15-6978 (PGS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| N.J. DEP'T OF CORR., et al., | |
| Defendants. | |

It appearing that:

1. Plaintiff Richard Leoncini ("Plaintiff"), a convicted and sentenced state prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, filed his initial Complaint in this matter on September 17, 2015, alleging a violation of his constitutional rights for failing to protect him from an assault. (ECF No. 1.) He named only the New Jersey Department of Corrections and Trenton State Prison as defendants. (*Id.*)

2. On December 3, 2015, this Court entered an Opinion and Order dismissing the Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because neither the Department of Corrections nor Trenton State Prison is a "person" under 42 U.S.C. § 1983. (ECF Nos. 5-6.) However, because it was conceivable that Plaintiff could name proper defendants, the Court granted permission to file an amended complaint. (*Id.*) The Court also noted, without finding, that Plaintiff's claim may be time-barred. (*Id.*)

3. On December 21, 2015, Plaintiff filed a "Motion for More Time" in which he argues that the Department of Corrections showed neglect by not considering Plaintiff's mental illness

when placing him in general population.  (ECF No. 7.)  On June 21, 2016, Plaintiff submitted an amended complaint, which was inadvertently filed as a new case.  (*See Leoncini v. Dep't of Corr.*, et al., Civil Action No. 16-3846.)

4. In his Amended Complaint, Plaintiff essentially re-asserts all of the factual allegations contained in his initial Complaint, except he now names the Department of Corrections, Trenton State Prison and Toms River Superior Court as the only defendants.  (Civil Action No. 16-3846, ECF No. 1.)

5. As stated in this Court's previous Opinion, the Department of Corrections and New Jersey State Prison are not "persons" within the meaning of 42 U.S.C. § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Grabow v. S. State Corr. Facility*, 726 F.Supp. 537, 538–39 (D.N.J. 1989) (noting that state department of corrections and state prison facilities are not "persons" under § 1983).  The Superior Court of New Jersey is also not a "person" subject to liability under § 1983.  *Ray v. New Jersey*, 219 F. App'x 121, 124 (3d Cir. 2007); *Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007).  The claims against these Defendants will be dismissed with prejudice.  However, because it is conceivable that Plaintiff may be able to amend his pleading to name appropriate defendants, the Court will grant Plaintiff leave to move to re-open this case and to file a second amended complaint.[1]

---

[1] In his Complaint and Amended Complaint, Plaintiff discusses personal health information. Caution must be exercised when documents such as health and medical records are filed in a case. (*See* L.Civ.R. 5.2, ¶ 17).  Indeed, individuals maintain privacy interests in their medical information.  Despite this privacy interest, Plaintiff has discussed his personal health information for public filing on the docket in this matter.  As a result, the Court hereby temporarily seals ECF Nos. 1 and 7 in the instant matter and ECF No. 1 in Civil Action No. 16-3846, which contain Plaintiff's personal health information, pursuant to L. Civ. R. 5.3(c)(6).

To the extent Plaintiff wishes to maintain the privacy of his health information on a permanent basis, he must file a formal motion to seal with the Court within 45 days of the date of

6. An appropriate order follows.[2]

Dated: 8/22/16

_____
Peter G. Sheridan, U.S.D.J.

---

this Opinion and Order. In his motion, Plaintiff must meet all of the requirements of L. Civ. R. 5.3(c)(2): the motion papers must describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available. Plaintiff must identify the specific portions of his Complaints that contain his confidential health information that he seeks to seal and he must also provide the reason(s) why he believes they should be sealed. In the interim, ECF Nos. 1 and 7 in the instant matter and ECF No. 1 in Civil Action No. 16-3846 shall remain sealed on a temporary basis. Plaintiff is cautioned that if he fails to file a timely motion to seal in accordance with the instructions outlined above, those documents will be unsealed and become publicly available.

[2] The Clerk of the Court will be directed to file the complaint docketed in Civil Action No. 16-3846 as an amended complaint in this matter and to mark that matter closed.